UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK C. NOLES ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:14-0089 |
| ] | Judge Sharp |
| WAYNE CARPENTER ] | |
|     Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Carpenter, Warden of the facility, seeking a writ of habeas corpus.

On July 23, 2004, a jury in Rutherford County found the petitioner guilty of attempted aggravated arson. For this crime, he received a sentence of seventeen (17) years in prison. Docket Entry No. 1 at pg. 1. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. *Id.* at pg. 2. The Tennessee Supreme Court later denied petitioner's application for additional review. *Id.* at pg. 3.

In January, 2009, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Rutherford County. *Id.* Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pg. 7. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Id.* at pg. 22. The Tennessee Supreme Court once again denied petitioner's application for further review. Noles v. Tennessee, 2010 WL 2867180 (Tenn.

1

Crim. App. 2010).

On November 5, 2013, the petitioner initiated the instant action with the filing of a petition (Docket Entry No. 1) for federal habeas corpus relief.[1] Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 8) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 14), to which the petitioner has offered no Reply. Upon consideration of the petition and respondent's Motion to Dismiss, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

In his Motion to Dismiss, the respondent argues that this action is time-barred. A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner was found guilty on July 23, 2004. The direct appeal of petitioner's conviction

---

[1] The petition is stamped by the Clerk's Office as having been received on November 6, 2013. However, a pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petitioner avers that the petition was placed in the prison postal system for mailing on November 5, 2013. Docket Entry No. 1 at pg. 43.

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

was concluded on April 7, 2008, the date that the Tennessee Supreme Court denied his application for additional review for the first time. The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the petitioner's conviction became final for timeliness purposes ninety days later, or on July 6, 2008.[3] Accordingly, the petitioner had one year from this date, or until July 6, 2009, in which to initiate the instant action.

After two hundred six (206) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[4] The filing of that petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On November 10, 2010, the Tennessee Supreme Court rejected the petitioner's application for further review of his post-conviction petition, Noles v. Tennessee, 2010 WL 2867180 (Tenn. Crim. App. 2010), thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred six (206) days of the limitation period, the petitioner was left with one hundred fifty nine (159) days, or until April 18,

---

[3] The ninety days are computed as follows : 23 days (4/8 - 4/30) + 31 days (5/1 - 5/31) + 30 days (6/1 - 6/30) + 6 days (7/1 - 7/6) = 90 days.

[4] The post-conviction petition was filed on January 28, 2009. The 206 days are calculated as follows : 25 days (7/7 - 7/31) + 31 days (8/1 - 8/31) + 30 days (9/1 - 9/30) + 31 days (10/1 - 10/31) + 30 days (11/1 - 11/30) + 31 days (12/1 - 12/31) + 28 days (1/1 - 1/28/09) = 206 days.

3

2011, in which to initiate the instant action.[5] The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on November 5, 2013, more than eighteen (18) months after the limitation period had expired. As a consequence, this action is untimely.

Having carefully reviewed the pleadings and the record, the Court finds that the respondent's Motion to Dismiss (Docket Entry No. 14) the petition has merit. Therefore, said motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

*Kevin H. Sharp*

Kevin H. Sharp
United States District Judge

---

[5] 365 days - 206 days = 159 days. The 159 days are computed as follows : 20 days (11/11 - 11/30) + 31 days (12/1 - 12/31) + 31 days (1/1 - 1/31/11) + 28 days (2/1 - 2/28) + 31 days (3/1 - 3/31) + 18 days (4/1 - 4/18) = 159 days.